IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MAXIM TABATCHNIK,                      §
                                       §
                Plaintiff,             §
                                       §
v.                                     §        CIVIL ACTION NO. H-06-1095
                                       §
CONTINENTAL AIRLINES,                  §
                                       §
                Defendant.             §

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Maxim Tabatchnik, brings this action against defendant, Continental Airlines, for employment discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.  Pending before the court are plaintiff's Motion to Add Exhibits (Docket Entry No. 12), and Defendant's Motion for Summary Judgment (Docket Entry No. 18).  For the reasons set forth below, both motions will be granted.

**I.   Standard of Review**

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment.  Fed. R. Civ. P. 56(c).  Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).  The

Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).   A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."   Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc), (quoting Celotex, 106 S.Ct. at 2553-2554).   If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.  Id. (citing Celotex, 106 S.Ct. at 2553-2554).   In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."   Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2110 (2000).   Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  Little, 37 F.3d at 1075.

-2-

## II.  <u>Factual and Legal Allegations</u>

Plaintiff alleges that on or about November 21, 2005, his "schedule flexibility, guaranteed to him in writing before the start of employment, was revoked by his manager[, Brian Znotins,] who explained it by his superior's accusations of being a 'push-over' manager,"[1] and that when he "insisted on a medical necessity, the manager refused to hear the diagnosis and said that [schedule] flexibility should be given only to long-standing employees."[2] Plaintiff alleges that he was subsequently "put in a hostile work environment as retaliation to having shared his concerns, his diagnosis, and the need for schedule flexibility to get medical help with Human Resources."[3]  Plaintiff alleges that on or about December 8, 2005, he met with his manager's superior, Buddy Anslinger, to request schedule accommodations as a medical necessity, and that Anslinger told him that an arrangement would be made with Human Resources.[4]  Plaintiff alleges that on or about December 9, 2005, he was placed "on 18-month probation for 'inappropriately requesting flexibility without having earned such consideration' and some false and exaggerated accusations of

---

[1]Employment Discrimination Complaint, Docket Entry No. 1, p. 2.

[2]<u>Id.</u>

[3]<u>Id.</u>

[4]<u>Id.</u>

misconduct,"[5] and that on or about December 14, 2005, he was discharged.[6]

Plaintiff claims that because of his "disability status, the defendant . . . intentionally:

a.  Created [a] hostile and intimidating working environment[,]

b.  Revoked schedule flexibility needed for the plaintiff's condition to receive proper care[,]

c.  Retaliated in response to the plaintiff's complaints to Human Resources[,]

d.  Sought and terminated the plaintiff's employment using other pretexts[.][7]"

### III.  Defendant's Motion for Summary Judgment

Defendant argues that it is entitled to summary judgment on all of plaintiff's claims because plaintiff has failed to present any evidence from which a reasonable trier of fact could conclude that plaintiff was disabled or that defendant regarded plaintiff as disabled, that defendant's stated reason for plaintiff's discharge was not true but, instead, was a pretext for disability discrimination, or that defendant retaliated against plaintiff for requesting a reasonable accommodation for a disabling condition. The court agrees.

---

[5]Id. at pp. 2-3.

[6]Id.

[7]Id. at p. 2.

-4-

**A.   Plaintiff's Disability Discrimination Claim**

1.   <u>Applicable Law</u>

"The ADA makes it unlawful for an employer to discriminate against 'a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment.'" <u>Rodriguez v. ConAgra Grocery Products Co.</u>, 436 F.3d 468, 476 (5th Cir. 2006) (quoting 42 U.S.C. § 12112(a)). Plaintiff may establish a claim of discrimination under the ADA either by presenting direct evidence or by using the indirect method of proof set forth in <u>McDonnell Douglas Corp. v. Green</u>, 93 S.Ct. 1817 (1973). <u>See</u> <u>Seaman v. CSPH, Inc.</u>, 179 F.3d 297, 300 (5th Cir. 1999). To establish a <u>prima facie</u> case of intentional discrimination using the <u>McDonnell Douglas</u> framework, plaintiff must show that (1) he has a disability as defined by the ADA; (2) he is a "qualified individual" for the job; (3) the defendant made an adverse employment decision based on his disability; and (4) he was replaced by or treated less favorably than non-disabled employees. <u>See</u> <u>Gowesky v. Singing River Hospital Systems</u>, 321 F.3d 503, 511 (5th Cir.), <u>cert. denied</u>, 125 S.Ct. 66 (2003). <u>See also</u> <u>Seaman</u>, 179 F.3d at 300. If the plaintiff makes a <u>prima facie</u> showing of disability-based discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. <u>Id.</u> <u>See also</u> <u>Sherrod v. American Airlines, Inc.</u>, 132 F.3d 1112, 1122 (5th Cir. 1998).

Once the employer articulates such a reason, the burden shifts back to the plaintiff to present evidence from which a reasonable trier of fact could conclude

> (1)   that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or

> (2)   that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative).

Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004) (age discrimination).   See also Richardson v. Monitronics International, Inc., 434 F.3d 327, 334 (5th Cir. 2005) (applying Rachid to a Family and Medical Leave Act retaliation case because "Rachid is the law of this circuit, and, even though it addresses a different anti-discrimination statute, consistency requires that we endorse the mixed-motive framework" when applicable).   In a mixed-motive case the defendant must then respond with evidence that the same employment decision would have been made regardless of discriminatory animus.   Rachid, 376 F.3d at 312-313.

Although the intermediate evidentiary burdens shift back and forth under the McDonnell Douglas framework, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."   Reeves v. Sanderson Plumbing Prods., Inc., 120 S.Ct. 2097 (2000) (quoting Texas Department of Community Affairs v.

-6-

Burdine, 101 S.Ct. 1089, 1093 (1981)).  The plaintiff must reveal a conflict in substantial evidence on the ultimate issue of discrimination in order to withstand a motion for summary judgment. See Sherrod, 132 F.3d at 1122 (citing Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 993 (5th Cir. 1996) (en banc)).  Evidence is substantial if it is of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions.  Id.

    2.  Analysis

        (a)  Plaintiff's Disability Status

    Citing plaintiff's deposition testimony, defendant argues that "[p]laintiff's disability claim is barred by his admission that his alleged disability does not impair him in any major life activity."[8]  In response plaintiff asserts that he was diagnosed with Anxiety Disorder in 2000, and argues that "[d]efendant regarded or perceived [him] as disabled in that [he] requested accommodations for his Anxiety Disorder in the form of flex time coming back from doctor's appointment scheduled during lunch occasionally."[9]  Although not explicitly stated in his response to defendant's motion for summary judgment, plaintiff appears to be

────────────────

    [8]Defendant's Motion for Summary Judgment, Docket Entry No. 18, p. 9.

    [9]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 23, p. 11.

arguing that Continental regarded him as having an impairment that substantially limited him in the major life activity of working.[10]

Plaintiff's disability status is a threshold issue.  Under the ADA a person is disabled if he (1) has a physical or mental impairment that substantially limits one or more of the major life activities, (2) has a record of such an impairment, or (3) is regarded as having such an impairment.  See Dupre v. Charter Behavioral Health Systems of Lafayette Inc., 242 F.3d 610, 613 (5th Cir. 2001).  Whether an individual suffers from a disability is determined on a case-by-case basis based on evidence that shows the effect of the impairment on the individual's life.  Albertson's, Inc. v. Kirkingburg, 119 S.Ct. 2162, 2169 (1999).  Whether an impairment is substantially limiting depends on its nature and severity, its duration or expected duration, and its permanent or expected permanent or long-term impact.  Dupre, 242 F.3d at 614. Major life activities include "'functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'"  Talk v. Delta Airlines, Inc., 165 F.3d 1021, 1024-1025 (5th Cir. 1999) (quoting 29 C.F.R. § 1630.2(j) (listing illustrative major life

---

[10]Id. at p. 12 (asserting that "Plaintiff requested medical accommodations in the form of flexible time off from work, a life activity."). See also id. at p. 14 (asserting that "Continental's reasons for firing Tabatchnik are not valid, are pretextual and only come to light when Tabatchnik requested medical time off from the major life activity of working.").

activities)).  "[A] plaintiff must prove a substantial limit with specific evidence that _his particular_ impairment substantially limits _his particular_ major life activity." _Waldrip v. Gen. Elec. Co._, 325 F.3d 652, 656 (5th Cir. 2003).

Plaintiff does not claim to be disabled or to have a record of a disability but, instead, claims that defendant regarded him as disabled.[11]  To make a _prima facie_ showing of disability under the "regarded as" prong of the ADA, plaintiff must produce sufficient evidence for a reasonable trier of fact to conclude that he

> (1) has an impairment which is not substantially limiting but which the employer perceives as . . . substantially limiting . . .; (2) has an impairment which is substantially limiting only because of the attitudes of others towards such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment.

_Rodriguez_, 436 F.3d at 475 (citing _Bridges v. City of Bossier_, 92 F.3d 329, 332 (5th Cir. 1996), _cert. denied_, 117 S.Ct. 770 (1997)).

_See also_ _Pegram v. Honeywell, Inc._, 361 F.3d 272, 287 (5th Cir. 2004) (explaining that one is regarded as disabled "if the employer believes 'either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting")

(quoting _Sutton v. United Airlines, Inc._, 119 S.Ct. 2139, 2150 (1999)).  "For an employer to regard an impairment as substantially

---

[11]_Id._ at p. 12 ("The question of whether Continental Airlines regarded Max Tabatchnik as requesting an accommodation or as being disabled is a question for the jury.").

limiting [the major life activity of] work, the employer must regard an individual as significantly restricted in his ability to perform a class or broad range of jobs." Hamilton v. Southwestern Bell Telephone Co., 136 F.3d 1047, 1051-1052 (5th Cir. 1998).  An employee "cannot succeed on the 'regarded as disabled' element of [a disability] claim when [his] employer never limited [his] job duties."  Gowesky, 321 F.3d at 508.

Plaintiff argues that defendant regarded him as disabled because he "requested accommodations for his Anxiety Disorder in the form of flex time coming back from doctor's appointment[s] scheduled during lunch occasionally."[12]  Plaintiff has not cited, and the court has not found, any case in which an employee's mere request for an accommodation has been held to support a claim that the employer regarded the plaintiff as disabled.  Since, moreover, plaintiff complains that Znotins did not allow him to disclose the diagnosis for which he needed treatment (i.e., Anxiety Disorder),[13] and plaintiff has failed to present any evidence showing that he disclosed his diagnosis to anyone in Continental's Human Resources Department,[14] plaintiff has not presented any evidence from which

---

[12]Id. at p. 11.

[13]Id. at pp. 3-4.  See also Plaintiff's Affidavit attached to Docket Entry No. 23, ¶ 12 ("On November 21, 2005, I told Brian Znotins that I had a medical condition for which I requested accommodations.  Brian Znotins told me he did not want to know my diagnosis.").

[14]See Plaintiff's Affidavit attached to Docket Entry No. 23, ¶ 14 ("On December 6, 2005, I spoke with Laura Skinner and Betty
(continued...)

a reasonable trier of fact could conclude that the defendant either knew that plaintiff had been diagnosed with Anxiety Disorder or regarded plaintiff's Anxiety Disorder as substantially limiting his ability to work.  Nor has plaintiff produced any evidence that once he notified Znotins of his need to attend doctor's appointments during his lunch breaks that Continental denied his request or treated him as having a limitation by changing his job to reduce his responsibilities.

In short, plaintiff has not produced any evidence that Continental questioned his ability to handle his job because of either his occasional need to see a doctor during lunch breaks or his Anxiety Disorder diagnosis.  Nor has plaintiff presented any evidence that Continental regarded him as unable to perform his job or a broad range of jobs; he has merely shown that Continental knew he occasionally needed to see a doctor and that he attempted to disclose his diagnosis to his manager, Znotins, but Znotins told him he did not want to hear the diagnosis.  This evidence is incapable of raising an inference that Continental regarded the plaintiff as disabled.  See Dupre, 242 F.3d at 616 (employer's awareness of employee's back injury, back surgery, and fact that plaintiff was taking pain medication did not show that employer regarded employee as substantially impaired).

_____

[14](...continued)
Trigg in human resources and told them that my boss was harassing me and not allowing me to see my doctors despite my medical condition.").

(b)  Replacement and/or Disparate Treatment

Defendant does not dispute that plaintiff was qualified for his position or that plaintiff suffered an adverse employment action when he was discharged on December 14, 2005.  Defendant argues, however, that plaintiff "has no record evidence of any similarly-situated, non-disabled comparator Continental did not fire."[15]

### (1)  Replacement

Citing the Znotins deposition, plaintiff argues that defendant replaced him with a non-disabled employee or an employee whom it did not consider disabled, John Twiss.[16]  Since plaintiff admits that he is not disabled and since the court has already concluded that plaintiff has failed to present any evidence from which a reasonable trier of fact could conclude that Continental regarded him as disabled, plaintiff is unable to present any evidence capable of showing either that he belongs to a protected class or that he was replaced by someone outside of his protected class.

### (2)  Disparate Treatment

In the alternative, plaintiff argues that defendant treated him less favorably than James Chu and Patrick Quayle, co-employees

---

[15]Defendant's Motion for Summary Judgment, Docket Entry No. 18, p. 11.

[16]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 23, p. 12.

whom he asserts Continental did not regard as disabled.[17]  Plaintiff asserts that "[d]efendant allowed comparators James Chu and Patrick Quayle to have flex time at work with regard to arrivals, departures and lunches, to talk on personal calls at work and wear attire that did not comport with the dress code."[18]

The Fifth Circuit typically requires a plaintiff seeking to prove disparate treatment to point to a similarly situated employee who was outside of his protected class and was in "nearly identical" circumstances.  See Bryant v. Compass Group USA Inc., 413 F.3d 471, 478 (5th Cir. 2005), cert. denied, 126 S.Ct. 1027 (2006) ("To raise an inference of discrimination, the plaintiff may compare his treatment to that of nearly identical, similarly situated individuals. . . To establish disparate treatment, [plaintiff] must show that [defendant] gave preferential treatment to another employee under 'nearly identical' circumstances.").  Although the Fifth Circuit does not seem to have applied the "similarly situated/nearly identical" standard specifically within the context of disparate treatment under the ADA, neither party has given the court reason to believe a different standard would apply.  Several decisions issued by the Fifth Circuit provide guidance for determining when two employees' circumstances are considered to be nearly identical.  In general, the cases hold that employees with

---

[17]Id.

[18]Id. at pp. 12-13.

-13-

different work rule violations are not considered nearly identical. See Okoye v. University of Texas Houston Health Science Center, 245 F.3d 507, 514-515 (5th Cir. 2001); Smith v. Wal-Mart Stores (No. 471), 891 F.2d 1177, 1180 (5th Cir. 1990) (per curiam); Davin v. Delta Air Lines, Inc., 678 F.2d 567, 570 (5th Cir. Unit B 1982) (Plaintiff's burden is to show "that the misconduct for which she was discharged was nearly identical to that engaged in by a male employee whom Delta retained.").

Plaintiff has alleged that the adverse employment action that he suffered was his December 14, 2005, discharge.[19] Continental has responded by asserting that plaintiff was discharged for the legitimate, non-discriminatory reason that he admitted to violating Continental's employee flight pass policies and procedures by "letting [his] family riders access COAIR.com themselves and not controlling irregularities in their travel bookings."[20]  To raise a fact question for trial regarding disparate treatment, plaintiff must point to similarly situated employees who, like him, admitted to violating Continental's employee flight pass policies and procedures, but unlike him were not discharged.

---

[19]Id. at p. 12 ("An adverse employment action was taken against Tabatchnik-Continental fired him.").

[20]See e-mail from plaintiff to Zane Rowe, Exhibit G attached to Docket Entry No. 12.  See also Defendant's Motion for Summary Judgment, Docket Entry No. 18, p. 12, and Personal Statement of Max Tabatchnik, Exhibit B attached to Docket Entry No. 18.

Plaintiff argues that Chu and Quayle are similarly situated employees because they held the same position as he held, but plaintiff fails to present any evidence showing that they were in nearly identical circumstances because plaintiff has failed to present evidence showing that either of them violated Continental's employee flight pass policies and procedures by "letting [their] family riders access COAIR.com themselves and not controlling irregularities in their travel bookings."[21]   Instead, plaintiff argues that Chu and Quayle enjoyed privileges that he argues Continental denied him, i.e., flex time with regard to their arrivals, departures and lunch breaks, unlimited personal calls at work, and wearing of attire that did not comport with the dress code.  Because plaintiff has failed to present any evidence from which a reasonable trier of fact could conclude that Chu and/or Quayle were in nearly identical circumstances to plaintiff but, unlike plaintiff, did not suffer the adverse employment action of discharge, plaintiff has failed to raise a genuine issue of material fact for trial on the issue of disparate treatment.

(c)  Conclusion on Disability Discrimination Claim

Because plaintiff has failed to present any evidence supporting the first and fourth elements required to establish a prima facie case of discrimination under the ADA, the court

---

[21]See e-mail from plaintiff to Zane Rowe, Exhibit G attached to Docket Entry No. 12.

concludes that defendant is entitled to summary judgment on plaintiff's ADA discrimination claim because plaintiff has failed to meet his initial burden.

## B.   Plaintiff's Retaliation Claim

To establish a prima facie case of disability-based retaliation, plaintiff must show that (1) he engaged in activity protected by the ADA, (2) he suffered an adverse employment action, and (3) a causal connection existed between his participation in the protected activity and an adverse employment action. Roberson v. Alltel Info. Servs., 373 F.3d 647, 655 (5th Cir. 2004). In order to defeat summary judgment plaintiff must offer evidence from which a reasonable trier of fact may infer that retaliation, in whole or in part, motivated the adverse employment action. See Evans v. City of Houston, 246 F.3d 344, 355 (5th Cir. 2001). Defendant argues that plaintiff has failed to present evidence indicating that he ever engaged in any activity protected under the ADA, or that he ever complained that he had been treated differently on account of his disability, that there exists a causal connection between any alleged protected activity and any alleged adverse employment action, or that but for the alleged protected activity Continental would not have placed plaintiff on probation or discharged him.[22]  The court agrees.

---

[22]Defendant's Motion for Summary Judgment, Docket Entry No. 18, pp. 12-17.

Although plaintiff alleges that Continental retaliated against him in response to his complaints to Human Resources,[23] in his response to defendant's motion for summary judgment plaintiff points to only one instance that he claims constitutes an activity protected under the ADA -- the request that he made to Znotins on November 21, 2005, for flex time to attend doctor's appointments during his lunch breaks.[24]   Asserting that "[n]othing changed in [his] employment or offer of employment from June 2005 when Znotins promised him flex time but the fact that [he] asked for medical accommodations,"[25] plaintiff argues that "[t]his case may well be one of the few cases that is at least, in part, a mixed motive case."[26]   Plaintiff argues that "Continental's reasons for firing [him] are not valid, are pretextual and only c[a]me to light when [he] requested medical time off from the major life activity of working."[27]

_____

[23]Employment Discrimination Complaint, Docket Entry No. 1, p. 2.

[24]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 23, p. 11 ("CONTINENTAL AIRLINES FIRED TABATCHNIK WITHIN ONE MONTH AFTER MAX MADE A REQUEST FOR MEDICAL ACCOMMODATIONS BECAUSE CONTINENTAL AIRLINES PERCEIVED TABATCHNIK AS DISABLED").

[25]<u>Id.</u> at p. 13.

[26]<u>Id.</u>

[27]<u>Id.</u> at p. 14.

-17-

1.   <u>Protected Activity</u>

Despite the close proximity in time between plaintiff's request for flex time to attend doctor's appointments on his lunch breaks (November 21, 2005), and his discharge (December 14, 2005), the court concludes that plaintiff's ADA retaliation claim fails because plaintiff has not presented any evidence from which a reasonable trier of fact could conclude that he suffers from a physical or mental impairment that substantially limits a major life activity, and has not presented any evidence from which a reasonable trier of fact could conclude that Continental regarded him as suffering from such an impairment.   Therefore, plaintiff cannot advance the argument that his requested accommodation qualified as a protected activity.   Because plaintiff cannot prove the critical element of having engaged in a protected activity, he cannot meet his <u>prima facie</u> burden, and his retaliation claim, as a matter of law, cannot survive summary judgment.

2.   <u>Causal Connection</u>

Even assuming that plaintiff's request for flex time was an activity protected by the ADA, the court would not be persuaded that plaintiff has produced any evidence from which a reasonable trier of fact could conclude that he was discharged in retaliation for having made that request.   Plaintiff argues that a causal link between the protected activity (request for flex time to attend doctor's appointments), and the adverse employment action (discharge) can be

-18-

established in two ways.  The first way is established by
the falsity in Defendant's reason for disciplining and
terminating Plaintiff, including but not limited to, the
disparate treatment of Plaintiff as compared to non-
disabled employees or employees who Defendant did not
perceive as non-disabled and employees who did not
request medical accommodations.

. . .

Finally, the temporal proximity of less than one month
between the time Plaintiff requested medical
accommodations at work and the time Defendant fired
Plaintiff creates a rebuttable [p]resumption that a
casual [sic] link exists between the protected activity
and the wrongful firing of Max Tabatchnik for the jury to
consider.[28]

(a)  Falsity of Defendant's Reason for Discharge

Plaintiff argues that all of the reasons for which Znotins

placed him on 18-month probation set forth in a December 9, 2005,

letter are false because he did not engage in the conduct of which

he was accused,[29] and that Continental's stated reason for his

discharge is false because Continental "cannot and has not shown

this Court any policies which [he] violated."[30]  The problem with

plaintiff's argument is that he was not discharged for any of the

performance problems listed in the December 9, 2005, letter but,

instead, for violating the policies and procedures of the employee

---

[28]_Id._ at pp. 18-19.

[29]_Id._  See also Exhibit A attached to Defendant's Motion for
Summary Judgment, Docket Entry No. 18 (stating the reasons for
which plaintiff was placed on probation).

[30]_Id._

flight pass program.  Moreover, contrary to plaintiff's assertion
that Continental has failed to show that he violated any company
policy, Continental has submitted plaintiff's handwritten statement
in which he admits to having violated the rules governing
Continental's employee flight pass program.[31]  In his handwritten
statement plaintiff admits that he

> met with Corporate Security [representatives] today[,]
> December 13, 2005, to discuss my family's pass travel.
> In this meeting, we established that since my start at the company I never received training on use of
> COAIR, was a bit confused about it and didn't seek additional
> assistance.  We also established that I violated the company policy
> unknowingly by letting my family use my COAIR ID and book their own
> travel.  I also agreed that I should have kept their travel under
> control by making sure that it is according to the policy.
>
> The main concern here was the fact that on many
> occasions, my pass riders rode without me but were listed
> "with me."  I know that at least on one (possibly, more)
> occasion, I made the reservation to travel with a family
> [member], I didn't change or cancel my reservation when
> I didn't go on the trip myself (I explained that I ended
> up just calling and changing my own reservation because
> my own travel plans changed).  I did not intentionally do
> this but now I realize that it translated into a
> difference in priority, and, therefore, a violation of
> the travel policy.[32]

Moreover, plaintiff also admits that the company's internet web
site warned employees that "[m]isuse or abuse of flight privileges
is strictly prohibited.  Any unauthorized use of flight privileges
will result in disciplinary action up to and including termination

---

[31]See Exhibit B attached to Docket Entry No. 18.

[32]<u>Id.</u>

of employment."[33]   This evidence establishes conclusively that defendant's stated reason for plaintiff's discharge was not false because plaintiff himself admitted in writing that he had violated the company's employee flight pass policy by allowing his family members to book their own travel arrangements, and to travel at a priority level to which they were not entitled.

       (b)   Temporal Proximity of Protected Activity and Adverse Employment Action

     The Fifth Circuit has held that a short period of time between the protected activity and the alleged retaliation may provide the necessary causal connection for a prima facie case.   Evans, 246 F.3d at 354 (finding "that a time lapse of five days . . . is sufficient to provide a 'causal connection' that enables [plaintiff] to satisfy the third prong of the prima facie case of her retaliation claims against the City . . ." and noting that "a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes"). However, the court has made clear that the causal connection requirement related to making a prima facie case "is much less stringent" than that related to the "but for" standard required to raise a genuine issue of material fact for trial.   Id. (quoting Long v. Eastfield College, 88 F.3d 300, 305 (5th Cir. 1996)). While the proximity in time between plaintiff's request for

─────────────────

[33]See Exhibit H attached to Docket Entry No. 12.

accommodation made to Znotins on November 21, 2005 (the alleged
"protected activity"), and his termination on December 14, 2005, is
sufficient to establish a causal connection that satisfies his
prima facie burden, the court concludes that it is not sufficient
to raise a fact issue for trial sufficient to overcome defendant's
legitimate, non-discriminatory reason for plaintiff's discharge
based on plaintiff's written admission that he violated
Continental's employee flight pass policies and procedures.

Assuming without deciding that plaintiff carried his initial
burden, the presumption created by that presentation would be
eliminated by defendant's legitimate, non-discriminatory explana-
tion for plaintiff's discharge (i.e., improper use of Continental's
employee travel pass resources).  The onus would then return to
plaintiff to offer evidence capable of proving either that his
improper use of company resources was not the true reason defendant
terminated his employment, or that plaintiff's protected activity
was another "motivating factor" for the termination.  Rachid, 376
F.3d at 312.  Since plaintiff admits that he violated the company's
employee flight pass policies and procedures, plaintiff must
present evidence that but for defendant's illegitimate,
discriminatory motivating factor, plaintiff would not have been
terminated.  See id.

Plaintiff only points to a proximity in time, and provides no
additional evidence that a perceived disability was a motivating

factor in the termination.  Based on the plaintiff's admission that he did not suffer from an impairment that substantially limited a major life activity, and on the court's conclusion that plaintiff has failed to present evidence from which a reasonable trier of fact could conclude that Continental misperceived the plaintiff as suffering from such a limitation, the court concludes that such a misperception could not possibly have been a motivating factor for his discharge.

Even if plaintiff was somehow able to carry his burden here, defendant responds with sufficient evidence to show that it would have discharged plaintiff for his violations of the employee flight pass policy regardless of any alleged discriminatory animus. Defendant's evidence easily supports the position that plaintiff would have been discharged for letting his family riders access Continental's employee website themselves and not controlling irregularities in their travel bookings, regardless of any perceived impairment.  Plaintiff goes no further than imputing to Continental a large amount of general unfairness.  The Fifth Circuit has cautioned that, while anti-discrimination law works to safeguard the integrity of the employment process with respect to rooting out animus, it is not a palliative for all employment ills. "Whether the employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide."  <u>Deines v. Texas Department of Protective and Regulatory Services</u>, 164 F.3d 277, 281 (5th Cir. 1999).

### 3.   Conclusion on Retaliation Claim

For the reasons explained above the court has already concluded that plaintiff does not suffer from an ADA-qualifying disability, and has not presented any evidence from which a reasonable trier of fact could conclude that Continental regarded him as disabled within the meaning of the ADA.  On this evidence it is not difficult to conclude that plaintiff's request for flex time was not an ADA-protected activity, and that Continental's response that he use sick leave or vacation leave to compensate for any time away from the office to attend doctor's appointments did not constitute actionable disability discrimination, retaliation for having requested an accommodation for a disabling condition, or disability-based harassment.   Accordingly, the court concludes that plaintiff's evidence fails to raise a genuine issue of material fact for trial on plaintiff's ADA retaliation claim.

## IV.   **Motion to Add Exhibits**

Plaintiff moves to add eight exhibits (Docket Entry No. 12). Defendant opposes plaintiff's motion to add exhibits on grounds that they are "irrelevant without an underlying pleading and in their present form, inadmissible hearsay."[34]  The court's review of the exhibits that plaintiff seeks to add shows that several of them include material that has already been submitted by defendant in

---

[34]Defendant Continental's Opposition to Plaintiff's Motion to Add Exhibits, Docket Entry No. 16.

support of its motion for summary judgment (i.e., plaintiff's proposed Exhibits D, F, and G duplicate Exhibits F, Q, and T attached to defendant's motion for summary judgment, respectively). Although defendant argues only that the remaining exhibits that plaintiff seeks to admit are inadmissible in their current form and does not argue that the material included in them would not be admissible had they been attached to plaintiff's response to its motion for summary judgment, and because the court finds the material contained in the proposed exhibits relevant to the issues now before the court, plaintiff's Motion to Add Exhibits will be granted.

## V. Conclusions and Order

For the reasons explained above, Plaintiff's Motion to Add Exhibits (Docket Entry No. 12) is **GRANTED**, and Defendant's Motion for Summary Judgment (Docket Entry No. 18) is **GRANTED.**

**SIGNED** at Houston, Texas, on this 5th day of December, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE